# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6497 | DATE | JANUARY 28, 2003 |
| CASE TITLE | Tavares Allen (IDOC #K-82308) v. Dr. Tobia, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter memorandum opinion and order. As plaintiff has paid the filing fee, the clerk is directed to file the complaint. After reviewing the complaint as required by 28 U.S.C. § 1915A, the court dismisses this suit for failure to exhaust administrative remedies, terminating case. Because plaintiff has failed to state a claim against defendants Serena and Bell, claims against them are dismissed with prejudice. Claims against defendants Tobia and Smith are dismissed without prejudice. Any pending motions are denied as moot. |
| (11) | ■ | For further detail see order attached to the original minute order. |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 9 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 03 JAN 28 PM 5:34 | | |
| KS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAVARES ALLEN, )
)
Plaintiff, )
) DOCKETED
) No. 02 C 6497
v. )
JAN 2 9 2003 )
) JUDGE DAVID H. COAR
DR. TOBIA, M.L. SERENA, )
MS. BELL, and DR. SMITH, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Tavares Allen, a prisoner in the custody of the Illinois Department of Corrections (IDOC) at Vienna Correctional Center, filed this pro-se civil rights action on September 12, 2002. After Allen's motion for leave to proceed without prepayment was denied, Allen paid the filing fee on January 3, 2003.

A provision of the Prison Litigation Reform Act (PLRA) requires the court to review complaints filed by prisoners against governmental entities or their officers or employees and to dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim upon which relief may be granted, the court applies the standard employed in deciding a motion to dismiss under Rule 12(b)(6): the court must accept the allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). The court must also consider relevant allegations contained in other papers filed with the court. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 & n. 2 (7th Cir. 1997); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Here, the court considers Allen's grievance and medical records attached as exhibits to the complaint, as well as allegations in the complaint itself.

## PLAINTIFF'S ALLEGATIONS

Allen alleges that on April 27, 2002, while on a furlough from the Westside Adult Transition Center (WATC) in Chicago, he received a serious knife wound to the abdomen and was hospitalized in Cook County Hospital for seven days. After his discharge he was initially returned to WATC, but defendant Ms. Bell, a counselor at WATC, told Allen that because of his medical condition he would be transferred to the infirmary at Stateville Correctional Center.

On May 6, 2002, Allen was transferred to Stateville. Defendant M.L. Serena, a nurse, conducted the intake examination at Stateville and told Allen he would be staying in the infirmary. However, when defendant Dr. Tobia reviewed the intake, he ordered Allen to be housed with the general population without examining him. Allen told Dr. Tobia that he was in great pain, but Dr. Tobia refused to prescribe pain medication and said he would see Allen the next day.

That night Allen became seriously ill, and his vomiting and retching reopened his wound. A correctional officer who came by his cell making the head count refused to help, saying that the doctor and nurses weren't in anyway. At 8:10 the following morning, May 7, 2003, a correctional sergeant came to Allen's cell in response to his screams and ordered Allen taken to the infirmary. At 9:05 a.m. Dr. Tobia ordered Allen transported by ambulance to St. Joseph's Hospital in Joliet where he remained until May 13, 2002.

Allen states that although he had not fully recovered, "Stateville" insisted that he be returned there. When Allen returned to Stateville, the medical supervisor, defendant Dr. Smith, and Dr. Tobia ordered a nasogastric tube and intravenous liquids. Although the tube remained for six days, Allen states he continued to suffer from retching and his condition did not improve. According to Allen the post-discharge treatment recommendations from St. Joseph's Hospital's were ignored. According to Exhibit C to the complaint, the recommendations were a full liquid diet, "advance as tolerated," no tub baths, no heavy lifting, and Vicodin every four hours for pain. Allen remained in the Stateville infirmary until May 31, 2002. On June 12, 2002, he was transferred to Vienna Correctional Center.

At Vienna, Allen filed a grievance dated August 6, 2002, complaining about his treatment at both Stateville and Vienna and asking to be transferred again to WATC.[1] Because his grievance arose at Stateville rather than Vienna, Allen filed his grievance with IDOC's Administrative Review Board as required by IDOC regulations, 20 Ill. Admin. Code § 504.870(a)(4). Allen states he has received no response from the Administrative Review Board.

## ANALYSIS

### A. Liability for inadequate medical care

In the absence of a claim arising under federal law, a federal court does not have jurisdiction of state-law claims such as negligence or medical malpractice unless the plaintiff is not a citizen of the same state as any of the defendants. 28 U.S.C. §§ 1331, 1332. Here all parties appear to be citizens of Illinois, so the question is whether Allen has stated a claim under federal law in addition to any state-law claims he may have.

Neither the Constitution nor any federal statute guarantees adequate medical care for state prisoners. The only relevant constitutional or federal right is the Eighth Amendment's prohibition of cruel and unusual punishment, which the Fourteenth Amendment applies to state governments. Denial of medical care, or inadequate or inappropriate medical care, amounts to cruel and unusual punishment, that is, "the unnecessary and wanton infliction of pain," only if a prison official is deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Walker v. Benjamin,* 293 F.3d 1030, 1036-37 (7th Cir. 2002). A negligent or inadvertent failure to provide adequate medical care does not amount to a constitutional claim because it is not an "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 105-06; *Walker,* 293 F.3d at 1037. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.

Allen has not alleged that defendant Serena was even negligent. In any event, she caused him no injury since the medical decisions were made by Drs. Tobia and Smith. Allen faults

---

[1] Because no personnel at Vienna Correctional Center are named as defendants, Allen's complaints concerning his care there are immaterial.

3

defendant Bell, the WATC correctional counselor, for having him transferred to Stateville after his discharge from Cook County Hospital rather than keeping him at WATC where he could have received outpatient care. There are serious flaws with Allen's reasoning. Allen's custodial placement was at IDOC's discretion; he had no right to remain at WATC. Bell's decision (assuming it was her decision) to return Allen to Stateville, where he would either be kept in the infirmary or would have access to it, hardly showed deliberate indifference to his medical needs. If Allen now complains that Bell should have let him remain at WATC where he could only receive outpatient care, it is difficult to understand Allen's objection to Dr. Tobia's decision to remove him from the Stateville infirmary and place him in the general population. In the general population at Stateville Allen had access to both "outpatient" and limited inpatient care in the prison infirmary, so his position was no worse, medically speaking, than if he had remained at WATC.

The allegations with respect to Dr. Tobia present a closer call. Dr. Tobia may have showed poor judgment by not retaining Allen in the infirmary when he returned from Cook County Hospital. The court also finds troubling Dr. Tobia's refusal to prescribe pain medication for Allen, both after his return from Cook County Hospital and after his return from St. Joseph's Hospital, particularly since in the latter case the physician at St. Joseph's Hospital had recommended it.

A difference in medical judgment does not make an Eighth Amendment claim. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254 (7th Cir. 1996). Pain can be a serious medical need, and deliberately neglecting it can violate the Eighth Amendment. *Walker*, 293 F.3d at 1040. Nevertheless, it is one thing for a correctional officer who knows a prisoner is in severe pain to deny him access to a physician or refuse him prescribed pain medication; it is another thing for a medical professional to refuse to prescribe it. A medical professional's treatment decision is presumptively valid. Deliberate indifference may be inferred from improper treatment only "when the decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole*, 94 F.3d at 262 (*quoting Youngberg*

*v. Romeo*, 457 U.S. 307, 323 (1982)). Although this is a high standard, it is possible that Allen can meet it and Allen's claim against Dr. Tobia will not be dismissed as legally insufficient.

It is unclear what claim Allen believes he has against Dr. Smith. Perhaps Allen named Dr. Smith as a defendant because he was the medical supervisor, but without some form of personal involvement supervisors are not liable under § 1983 for violations of constitutional rights committed by their subordinates, *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). If Allen can allege that Dr. Smith was personally responsible for a medical decision that caused Allen injury, and that the decision represented a substantial departure from accepted professional judgment, practice, or standards, he may be able to state a claim against Dr. Smith. As explained below, however, Allen's claims against Drs. Tobia and Smith, if he can bring them at all, will have to be brought in a new suit. The present suit must be dismissed because Allen has failed to exhaust available administrative remedies.

### B. Failure to exhaust administrative remedies

The PLRA contains a comprehensive administrative exhaustion requirement: "No action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent that applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992 (2002). Administrative remedies must be exhausted before a suit is commenced, not while it is pending. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999).

According to the complaint and exhibits, Allen filed a grievance on August 6, 2002, complaining of his medical treatment at Stateville, and had received no response at the time he prepared his complaint, September 5, 2002. Allen appears to believe that this delay in responding to his grievance excuses him from the exhaustion requirement.

The Seventh Circuit has stated that an administrative procedure that ignores grievances is not an "available" remedy. "[W]e refuse to interpret the PLRA "so narrowly as to ... permit [prison

officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)(*quoting Goodman v. Carter*, No.2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001). Nevertheless, a delay of a month in ruling on a non-emergency grievance is not "indefinite delay."[2] IDOC regulations provide that grievances submitted directly to the Administrative Review Board are handled in the same manner as grievance appeals, 20 Ill. Admin. Code § 504.870(b), requiring the Director of IDOC to review the findings and recommendations of the Administrative Review Board and make a final determination within six months, "where reasonably feasible under the circumstances." 20 Ill. Admin. Code § 504.850(f). There may be circumstances where a six-month wait would be inconsistent with an "available" remedy, but Allen cannot be found to have exhausted administrative remedies here.

Allen states that "the grievance is in Springfield Illinois with the Arbitrary [sic] Review Board and will be decided at there [sic] liesure [sic]. The damage is done? I will not get action from the Grievance procedure." But a prisoner's belief -- no matter how well-founded -- that nothing will come of the grievance procedure does not excuse him from using it. *Perez*, 182 F.3d at 536. Allen was required to exhaust any administrative procedure that could consider his complaint and take *some* action in response. *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001). In this suit Allen asks the court, among other things, to sanction the defendants and "do whatever is necessary to improve the Statesville [sic] Health care unit," things that could be initiated by the Director of IDOC, to whom the Administrative Review Board reports.

As it is clear from the complaint that Allen has not exhausted the administrative remedies that were available, this action must be dismissed. Dismissal is with prejudice as to Allen's claims against defendants Serena and Bell, and without prejudice as to his claims against Drs. Tobia and Smith. Allen is warned, however, that dismissal without prejudice does not necessarily mean that he will be able to proceed if he refiles his claims after receiving a response from the

---

[2] The grievance form has a box to be checked to indicate an emergency grievance "due to a substantial risk of imminent personal injury or other serious or irreparable harm to self." The box was not checked.

6

Administrative Review Board. Allen's grievance appears to have been untimely, as IDOC regulations require that a grievance be filed within 60 days after the discovery of the problem giving rise to the grievance, unless the prisoner can demonstrate good cause for the late filing. 20 Ill. Admin. Code § 504.810(a). Allen's grievance dated August 6, 2002, reports no complaints regarding his treatment at Stateville after his discharge from the infirmary on May 31, 2002, yet contains no explanation for the delayed filing. Although the Administrative Review Board presumably has discretion to review untimely grievances on the merits, if the grievance is dismissed as untimely, the exhaustion requirement will not have been satisfied and Allen may not pursue these claims in federal court. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002).

IT IS SO ORDERED.

_____
David H. Coar
United States District Judge

DATED: 1/28/03